UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S. LONGSHORE,<br><br>       Plaintiff,<br><br> v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a Washington State Governmental Entity, OFFICER "JOHN DOE" REID, OFFICER JOSHUA J. LENS,<br><br>       Defendants. | Case No. 3:15-cv-05059-KLS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c) AND DISMISSING PLAINTIFF'S COMPLAINT |

  This matter is before the Court on defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c). *See* Dkt. 17. Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking damages for the alleged mishandling of his legal mail. *See* Dkt. 5. Pursuant to 28 U.S.C. § 636(c), Fed. R. of Civ. P. 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing defendants' motion, plaintiff's response thereto and the remaining record, the Court hereby finds that for the reasons set forth below, defendants' motion should be granted and plaintiff's complaint should be dismissed with prejudice.

ORDER - 1

## STANDARD OF REVIEW

Any party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). The standard of review applied to a motion for judgment on the pleadings is essentially the same as that which is applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 826 (W.D. Wash. 1994); *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (Fed. R. Civ. P. 12(b)(6) and 12(c) are substantially identical). All allegations of material fact in the non-moving party's pleadings are taken as true and "construed in the light most favorable to that party," and all inferences to be drawn from those facts also are construed in favor of the party opposing the motion, as are all "[u]ncontested allegations to which the [moving] party had an opportunity to respond." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999); *Qwest*, 208 F.R.D. at 291; *Ludahl*, 869 F. Supp. at 826.

Dismissal of a complaint under Fed. R. Civ. P. 12(c) may be based upon either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Vague and mere "[c]onclusionary allegations, unsupported by facts" are thus insufficient

ORDER - 2

to state a section 1983 claim. *Jones v. Comty. Dev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Further, although the complaint is to be construed liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471. The Court should not dismiss the complaint, however, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## STATEMENT OF FACTS

At all times relevant to this case, plaintiff was an inmate at the Stafford Creek Correction Center ("SCCC"), and defendants Reid and Lens were corrections officers for the Department of Corrections ("DOC"). *See* Dkt. 5, pp. 1-4. At 10:15 p.m. on November 4, 2013, plaintiff notified defendant Reid that he had legal mail to process, which consisted of a personal restraint petition ("PRP") packet containing "original evidence documentation," through which plaintiff sought to challenge his state criminal convictions in addition to the direct appeal thereof he also had filed. *Id.* at pp. 2-3. Plaintiff, however, kept no copies of the PRP or the other documentation contained in the packet. *See id.* at p. 3.

Because the PRP packet was considered "oversized" legal mail, defendant Reid sought the assistance of a second, unnamed corrections officer in processing the packet. *Id.* Once that second officer arrived, defendant Reid then retrieved the PRP packet and "'logged' the mail by signing the correct documents and turning the mail over to [defendant] Lens who put the mail in the legal mailbag." *Id.* According to plaintiff, although "[a]fter the 'logging' of [his] mail it was to be turned over to DOC staff to process the documents," it "was not properly sent and was lost by the DOC." *Id.* at p. 4.

Instead of receiving a "postage transfer" that "should have acted as a mail receipt for his

ORDER - 3

PRP," the postage transfer plaintiff received sometime on November 5, 2013, stated: "No mail attached." *Id.* Plaintiff "immediately brought this issue to the attention Sgt. Lopez who notified Sgt. Stlelau, as the error occurred during Sgt. Stlelau's shift."[1] *Id.* "Sgt. Stlelau then met with [plaintiff] to ascertain who processed [his] legal mail, and [plaintiff] informed the sergeant that his legal mail was handled by [defendants] Reid and Lens. *Id.* "In the evening of November 5, 2013, Sgt. Stlelau informed [plaintiff] that [defendant] Lens had not properly logged [his] mail, and as a result, it was placed in the improper mailbag." *Id.*

"Sgt. Stlelau ordered all DOC staff that handled [plaintiff's] mail to search for the lost mail," but plaintiff's "original PRP and the original exhibits that accompanied it were never located." *Id.* Although plaintiff attempted to duplicate the lost evidence, he was unable to do so despite "diligent efforts" made in that regard. *Id.* Plaintiff eventually hired private legal counsel to assist him with respect to his direct appeal and to help him "replicate the lost PRP," but the missing evidence could not be replicated, and the Washington State Court of Appeals denied his direct appeal and dismissed his PRP. *Id.* at pp. 4-5.

In his complaint, plaintiff asserts the following causes of action:

- the DOC and its employees were negligent in losing his legal mail;

- the DOC deprived him of the equal protection of laws by unreasonably obstructing and negligently depriving him of access to the courts;

- the DOC violated his right to a fair trial by negligently losing key evidence and legal documents that adversely impacted his ability to raise a successful claim;

- the DOC failed to provide adequate training in handling the usual and recurring situations with which corrections officers must deal, which is so closely related to the deprivation of his rights as to be the moving force that proximately caused his injuries; and

---

[1] Neither Sgt. Lopez nor Sgt. Stlelau are parties to this case.

ORDER - 4

- the DOC's negligence in losing his legal mail impeded and frustrated his attempt to challenge his convictions.

*Id.* at pp. 5-8.

## DISCUSSION

**I.     Plaintiff's Negligence Claim Is Insufficient to State a Claim Under Section 1983**

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). In addition, facts must be alleged showing how *individually named defendants* caused or personally participated in causing the harm claimed in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person will be held to deprive another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in original) (citation omitted). In this case, plaintiff alleges his injuries "were caused solely by the negligence of DOC employees." Dkt. 5, p. 6. "[A] negligent act by a person acting under color of state law," however, "does not rise to the level of a constitutional violation." *Strong v. Woodford*, 428 F.Supp.2d 1082, 1085 (C.D. Cal. 2006) (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution.")); *see also Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988) ("Negligence does

ORDER - 5

*not* state a claim under section 1983.") (emphasis in original), *overruled on other grounds in Huguet v. Barnett*, 900 F.2d 838 (5th Cir. 1990).

"The burden of establishing [a defendant's] level of culpability rests with the plaintiff." *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989). For section 1983 purposes, "[a]ctions such as mislaying an inmate's property" or "the loss of his legal mail" suggest "merely 'failure to measure up to the conduct of a reasonable person,'" and accordingly "do not constitute more than negligence." *Id.*; *Hines*, 841 F.2d at 624. Rather, an inmate must show the official's "conduct concerning [his] mail rose beyond the level of mere negligence." *Stevenson*, 877 F.2d at 1441; *see also Pink v. L.T. Lester*, 52 F.3d 73, 76 (4th Cir. 1995) (noting "it matters not, for purposes of § 1983," whether alleged harm premised on lack of court access "is catalogued under the First or Fourteenth Amendment," as both constitutional provisions suggest "intentional" or "conscious act" is required).

Nowhere in his complaint does plaintiff allege his injuries were caused by anything other than the negligence of the DOC and/or its employees. *See* Dkt. 5, pp. 5-8. As discussed below, furthermore, as an agency of the State of Washington, the DOC is immune from suit under the Eleventh Amendment. Nor does plaintiff allege facts showing defendant Reid acted or failed to act in a manner that could be said to rise even to the level of negligence in terms of handling his legal mail. *See id.* at pp. 3-4; *Arnold*, 637 F.2d at 1355 (facts must be alleged showing how individually named defendants caused or personally participated in causing harm claimed in complaint). Indeed, plaintiff specifically alleges defendant Reid logged his mail "by signing the correct documents" and turning it over to defendant Lens. Dkt. 5, p. 3.

Plaintiff does allege in the complaint that defendant *Lens* did not properly log his mail, but there is no allegation that this was due to any conscious intent by defendant Lens to deprive

ORDER - 6

plaintiff of his right to access the courts. *See* Dkt. 5, p. 4. Plaintiff asserts in his response to defendants' motion that "at the time of the mail being lost, [he] was in solitary confinement," and that "[t]o expect him to ascertain what happened to his mail while in solitary confinement is unreasonable." Dkt. 19, p. 5. But if plaintiff truly does not know what happened to his legal mail, than his section 1983 suit fails outright, given that as just discussed he must allege sufficient facts showing how individually named defendants caused the claimed harm, whether or not it is reasonable to expect him to know those facts given his circumstances.

Plaintiff goes on to assert that he "believed that the officers' actions were intentional," because he "has been the subject of retaliation at the hands of the Department of Corrections and has filed multiple 'Offender Complaint[s]' regarding such retaliation." *Id.* There is no allegation of such retaliation, however, contained in the complaint. Nor has plaintiff claimed – either in his complaint or now in response to defendants' motion – that even if such retaliation has occurred, defendant Reid and defendant Lens were involved in it, knew about it or participated in causing his mail to be lost because of it or otherwise because of the Offender Complaints he allegedly filed. Indeed, plaintiff does not specify which "officers' actions" were allegedly intentional, but instead merely asserts the retaliation occurred "at the hands of the [DOC]" as opposed to again individually named defendants.

## II. The DOC Is Immune From Suit Under the Eleventh Amendment

Under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). As an arm of the state, a state agency also is immune from suit in federal court under the Eleventh Amendment. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Further, an entity that has Eleventh Amendment immunity is not a "person" within

ORDER - 7

the meaning of 42 U.S.C. § 1983.[2] *Howlett*, 496 U.S. at 365. In each of the five causes of action in his complaint, plaintiff appears to have named the DOC as the sole defendant given that with respect to each such cause, he mentions no named defendant other than the DOC and expressly states immediately under the title for that cause of action: "(against Defendant Washington State Department of Corrections)."[3] *See* Dkt. 5, pp. 5-8. As an arm of the state, however, the DOC is immune from suit in this Court.[4]

### III.   The Issue of Qualified Immunity

Defendants argue defendant Lens and defendant Reid are entitled to qualified immunity in this case. Under the doctrine of qualified immunity, state officials "performing discretionary functions [are protected] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Somers v. Thurman*, 109 F.3d 614, 617

---

[2] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

[3] To the extent defendants Lens and Reid also can be read into one or more of those causes of action, furthermore, as explained above plaintiff has failed to allege sufficient facts to show how defendant Reid caused or participated in causing the alleged harm, and at most has shown the actions of defendant Lens rose to the level of negligence in not properly handling his legal mail.

[4] Defendants argues that because defendant Lens and defendant Reid appear to have been named as parties only in their official capacities, they are immune from liability under the Eleventh Amendment as well. It is true that a lawsuit brought "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and as such, "it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. As such, state officials acting in their official capacities also are not "persons" for the purposes of 42 U.S.C. § 1983. *Id.* The only exception to this rule is when a state official is sued in his or her official capacity for prospective injunctive relief. *Doe v. Lawrence Livermore National Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997). However, it is presumed that state officials are sued in their personal capacities where those officials are named in the complaint, even if the complaint "does not explicitly mention the capacity in which they are sued." *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999); *see also Shoshone-Bannock Tribes v. Fish & Game Commission*, 42 F.3d 1278, 1284 (9th Cir. 1994) (state officials named in complaint seeking damages under 42 U.S.C. § 1983 presumed to be sued in individual capacities); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1991). As the Ninth Circuit has explained, "[a]ny other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." *Shoshone-Bannock Tribes*, 42 F.3d at 1284; *Price*, 928 F.2d at 828. The Court therefore declines to find defendants Lens and Reid are immune from liability on this basis.

ORDER - 8

(9th Cir. 1997). Although as discussed above plaintiff has failed to establish defendants' conduct violated a clearly established federal statutory or constitutional right, it is unclear whether either defendant Lens or defendant Reid are state officials who at the time of the alleged harm could be said to be performing discretionary functions. Accordingly, the Court declines to find the doctrine applies in this case.

## CONCLUSION

For the reasons stated above, defendants' motion for judgment on the pleadings (*see* Dkt. 17) hereby is **GRANTED**, as plaintiff is unable to prove any set of facts in support of his claim that would entitle him to relief. Accordingly, plaintiff's complaint is **dismissed with prejudice**.

DATED this 2nd day of October, 2015.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER - 9